**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4657**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BRUCE KILGORE,

                Defendant - Appellant.

**No. 08-5200**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TIMOTHY MOODY,

                Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge. (8:06-cr-00066-RWT-11; 8:06-cr-00066-RWT-12)

Submitted:  September 16, 2010      Decided:  November 19, 2010

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Pat M. Woodward, Annapolis, Maryland; Timothy J. Sullivan, Brett J. Cook, BRENNAN, SULLIVAN & MCKENNA, LLP, Greenbelt, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Bruce Kilgore and Timothy Moody appeal their convictions for one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006). Kilgore also appeals his sentence. Finding no error, we affirm.

Both Appellants claim the district court erred by admitting evidence of them discussing murdering a co-conspirator. Moody also claims the court erred by admitting evidence of his involvement in the conspiracy that extended beyond the date indicated in the superseding indictment. Review of a district court's determination of the admissibility of evidence under Rule 404(b) is for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). In general, any evidence which tends to make the existence of a fact of consequence to an issue in the case "more probable or less probable" than without the evidence is relevant under Fed. R. Evid. 401 and therefore generally admissible under Fed. R. Evid. 402. Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see Queen, 132 F.3d at

3

994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95.

Evidence of prior acts is admissible under Rule 404(b) and Fed. R. Evid. 403 if the evidence is (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Queen, 132 F.3d at 997. A limiting jury instruction explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce evidence of prior acts provide additional protection to defendants. See id.

We conclude the district court did not abuse its discretion by admitting the challenged evidence. In both instances, the evidence was intrinsic to the charged conspiracy and was relevant to the issues of intent, motive, and opportunity. Furthermore, the evidence highlighted the extent to which both Appellants were committed to the conspiracy.

Insofar as Moody claims that evidence of him continuing in the conspiracy after the "on or about" date charged in the indictment constructively amended the indictment or was a fatal variance, we find no error. "A constructive amendment to an indictment occurs when . . . the government (usually during its presentation of evidence and/or argument),

4

the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented to the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994). "A constructive amendment is a fatal variance because the indictment is altered to change the elements of the offenses charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks and citation omitted). A constructive amendment is error per se, and, given the Fifth Amendment right to be indicted by a grand jury, "must be corrected on appeal, even when not preserved by objection." Floresca, 38 F.3d at 714.

When considering a constructive amendment claim, "it is the broadening [of the bases for a defendant's conviction] that is important - nothing more." Id. at 711. The key inquiry is whether the defendant has been tried on charges other than those made in the indictment. See id. The beginning and ending dates of a conspiracy are not elements of the offense, so proof of different dates could never raise the specter of conviction for a different crime. See United States v. Hatten-Lubick, 525 F.3d 575, 581 (7th Cir. 2008); see also Queen, 132 F.3d at 999 (dates of conspiracy are not substantive elements of the offense). We conclude there was no constructive amendment to

5

the superseding indictment. We further note the jury was instructed that it could not convict Moody based solely on the challenged evidence and that the evidence was admitted for the purpose of providing context and more information about the conspiracy. See United States v. Paredes-Rodriguez, 160 F.3d 49, 56 (1st Cir. 1998) (any potential prejudice by the admission of pre-conspiracy evidence was prevented by the court's jury instruction); United States v. Gonzalez, 661 F.2d 488, 492 (11th Cir. 1981) (no constructive amendment when jury was instructed that it was limited to the conspiracy charged in the indictment). We further conclude that there was no fatal variance to the indictment. Moody failed to show his substantial rights were violated. United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994).

Moody's claim that he was entitled to a mistrial or a severance based on Kilgore's testimony is without merit. Moody failed to show Kilgore's testimony prevented the jury from making a reliable judgment about his criminal conduct. See United States v. Allen, 491 F.3d 178, 189 (4th Cir. 2007). Nor did Kilgore's testimony unveil a stark contrast in defenses asserted by the two Appellants. See United States v. Najjar, 300 F.3d 466, 474 (4th Cir. 2002).

Kilgore argues that the district court erred at sentencing when it considered the differences between himself

and two co-defendants prior to finding that his sentence would not result in an unwarranted disparity.  <u>See</u> 18 U.S.C. § 3553(a)(6).  We conclude the court did not abuse its discretion as there was no "unwarranted" disparity.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7